UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIMRANDEEP SINGH,

                Petitioner,

    v.

MARKWAYNE MULLIN, et al.,,

                Respondents.

CASE NO. C26-1418-BAT

**ORDER DENYING PETITION AND DISMISSING CASE**

Under 28 U.S.C. § 2241 Petitioner requests the Court order his immediate release, enjoin Respondents from requiring GPS monitoring, and require Respondents to provide notice and a hearing before any redetention. Dkt. 12. The Court **DENIES** and **DISMISSES** the habeas petition for the following reasons.

1.      Petitioner, a citizen of India, entered the United States in 2016, was released by an immigration judge (IJ) in 2017, and applied for asylum. Petitioner contends he complied with all conditions of release and on April 3, 2024, Canadian authorities stopped and detained him, declined him admission into Canada, and "involuntarily returned" him to U.S. immigration officials. Dkt. 1 at 6.

2.      The crux of this case is whether Petitioner was an applicant seeking admission into the United States under 8 U.S.C. § 1225 when Canadian officials "involuntarily returned"

ORDER DENYING PETITION AND
DISMISSING CASE - 1

him to the United States, or whether despite his involuntary return, Petitioner remained an admitted alien, under § 1226 because he had lived in the United States for years and "briefly attempted to travel to Canada." *Id*. at 7.

3.    As an initial matter the parties disagree whether Petitioner was subject to § 1225 or § 1226 <u>before</u> he was detained by Canadian officials and returned to the U.S. in April 2026. The record shows on January 4, 2017, Respondents issued a "Notice to Appear" that states Petitioner is "an alien present in the United States," not "an arriving alien." Dkt. 6. The Court thus rejects Respondents' argument Petitioner was subject to § 1225 <u>before</u> Petitioner was detained by Canadian officials in April 2026, and finds <u>before</u> the Canadians detained Petitioner, he was an alien subject to § 1226. Dkt. 5 at 6.

4.    However, Petitioner's claimed § 1226 status as an "admitted alien" is not immutable. Petitioner was an "admitted" alien based upon the 2017 Notice to Appear that Respondent's issued and the 2017 immigration judge's bond order. But once he was outside of the United States in 2026, detained by Canadian officials, and returned to the United States, he became an alien seeking admission who was subject to § 1225. *Cf. Vartelas v. Holder*, 566 U.S. 257, 262-63 (2012) (Admission means entry after authorization of immigration officials in contrast to aliens seeking admission at a border). As the Court in *Vartelas* noted even a lawful permanent resident "may be required to 'see[k] admission' into the United States, without regard to whether the alien's departure from the United States might previously have been regarded as 'brief, causal, and innocent.'" (citation omitted).

5.    Petitioner's case is similar to *Mohan v. Noem, et al.* 2:26-cv-00534-TMC, 2026 WL 764176 at * 3 (W.D. Wash. March 18, 2026). In *Mohan*, the petitioner entered the United States in September 2021 and was released on bond a month later. In February, he got "lost" at

ORDER DENYING PETITION AND
DISMISSING CASE - 2

the border, was arrested by Canadian officials who returned him to the United States. The Honorable Tiffany M. Cartwright denied *Mohan's* habeas petition finding "[b]ecause Petitioner was seeking admission to the country when he was detained at a port of entry, his mandatory detention pursuant to § 1225(b)(2)(A) does not violate the INA."  The Court finds as in *Mohan* habeas relief should be denied.

6.    In following *Mohan*, the Court acknowledges in *Simranjot Singh v. Noem*, 2:26-cv-00766-TLF, 2026 WL 1045507 (W.D. Wash. April 17, 2026), the Honorable Theresa L. Fricke, granted habeas relief to a petitioner who was also detained by Canadian officials at the border and returned to U.S. immigration officers. The *Simranjot* decision reasoned because Respondents did not issue paperwork specifically stating petitioner was an applicant for admission, § 1225 was inapplicable and § 1226 governed petitioner's detention. The Court declines to adopt this approach. First, there is no dispute in April 2026, Petitioner was returned from Canada to the United States. Second, there is nothing in the record showing Respondents treated Petitioner at the border upon his return to the United States in 2026 as an admitted alien present in the country, i.e., in the same way they treated him in 2017 when they issued a notice to appear stating he was present in the country, and not seeking admissibility. Third, the lack of an affirmative document stating Petitioner was an applicant for admission does not alter the plain fact Petitioner was an applicant seeking admission. This is because there is no dispute Petitioner was in the custody of Canadian officials, these officials returned Petitioner from Canada to the United States, and upon his return Petitioner was detained at a port of entry—the U.S. and Canada border. Based upon the facts of this case and the plain language of 8 U.S.C. § 1225(a), the Court finds Petitioner was an applicant for admission as he was stopped at a port of entry as he was arriving in the United States.

ORDER DENYING PETITION AND
DISMISSING CASE - 3

7.      The Court further notes Petitioner argues the Court should find he was detained under § 1226 based upon cases in which noncitizens, often residing in the United States for years, were detained within the United States. But these cases do not involve the facts of Petitioner's case as in these cases, the noncitizens were <u>not</u> detained as they were entering the country at a port of entry. These Court finds these cases involve facts dissimilar to Petitioner's situation and provide no basis for relief.

8.      The Court finds Petitioner was seeking admission to the United States when he was detained by Canadian officials and returned to the United States in April 2026. His reentry into the United States subjects him to mandatory detention under § 1225(b)(2)(A) and the lack of predetention notice and a hearing thus did not violate the INA. The Court accordingly **DENIES** and **DISMISSES** the habeas petition.

DATED this 20th day of May 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PETITION AND
DISMISSING CASE - 4